WILLIAM S. WHITE *vs.* CITY OF NEW BEDFORD.

Bristol.    October 23, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Assessment of Taxes — Statute — List furnished Assessors.*

The Pub. Sts. c. 11, §§ 38 *et seq.*, do not provide that the furnishing of a list of taxable property on the part of any or all persons shall be a condition precedent to the assessment of taxes.

CONTRACT, to recover taxes assessed on the plaintiff by the defendant for his real and personal estate for the years from 1883 to 1891, inclusive.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, which stated that all of the taxes were paid under protest, or its legal equivalent; that, during all of the years for which the taxes were assessed, the plaintiff carried in to the assessors a list of all his taxable property, as required by law and the published notice of the assessors, and that all of the inhabitants of the defendant city liable to be assessed do not carry in such a list.

*D. T. Devoll*, for the plaintiff.

*W. Clifford*, for the defendant, was not called upon.

FIELD, C. J. The plaintiff has complied with all the formal requirements necessary to the maintenance of the action, if the assessments of the taxes which he has paid were void. He con-

tends that they were void because he carried to the assessors a list of all his taxable property, as required by law and the published notice of the assessors, and the other inhabitants of the city of New Bedford liable to be assessed did not all carry in such a list. Pub. Sts. c. 11, §§ 38 *et seq.* But the statutes do not provide that the furnishing of a list of taxable property on the part of any or of all persons shall be a condition precedent to the assessment of taxes, and it would be plainly impracticable to enact such a rule. If taxes could not be assessed upon any inhabitant until every taxable inhabitant had furnished a list of his taxable property, they never could be assessed at all, as some one or more of the inhabitants would neglect or refuse to furnish a list. Such a rule would offer a direct inducement to every taxable inhabitant not to furnish a list of his property. The statutes accordingly provide for the valuation of the taxable property of every inhabitant who does not bring a list, and for the assessment of taxes to him upon his property, so far as the assessors can ascertain that he has property. Pub. Sts. c. 11, §§ 41 *et seq.*

The judgment of the Superior Court must be affirmed.

*So ordered.*